## JOHNSON *v.* ANDERSON.

1. WAR—HOUSING EXPEDITER'S REGULATIONS—CONVERSION.

Federal housing expediter's regulation defining "conversion" as a structural change in a residential unit involving substantial alterations or remodeling and resulting in the creation of additional housing accommodations was consistent with housing and rent act of 1947, as amended (61 Stat 193, §§ 202[c], 204[d]; Controlled Housing Rent Regulation, § 825.1[b] [2] [ii]).

2. LANDLORD AND TENANT—ADDITIONAL HOUSING ACCOMMODATIONS —PARTITIONS.

Steps taken by landlord *held,* not to have created additional housing accommodations not subject to control of the housing expediter where there were no partitions or additions made or partitions removed, although various repairs and replacements

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 32 Am Jur, Landlord and Tenant, § 1036.
[1–3] Constitutionality and construction of emergency price act as relating to rent.  147 ALR 1446; 148 ALR 1403; 149 ALR 1467; 150 ALR 1462; 151 ALR 1465; 152 ALR 1462; 153 ALR 1434; 154 ALR 1460; 155 ALR 1461; 156 ALR 1459; 157 ALR 1457; 158 ALR 1464.
[1–3] Federal housing and rent act of 1947 and amendments.  10 ALR2d 249.

were made and the place redecorated, some new electric fixtures and refrigerators were added, bedrooms, heat, light and gas were furnished and 2 families were placed in each flat formerly occupied by one (61 Stat 193, §§ 202[c], 204[d]; Controlled Housing Rent Regulation, § 825.1[b] [2] [ii]).

3. War—Retroactive Order by Housing Expediter—Refund of Excess Rents.

   Housing expediter's retroactive order requiring defendant landlord to refund excess of rents theretofore collected by him was valid where defendant had not provided additional housing accommodations as claimed (61 Stat 193, §§ 202[c], 204 [d]; Controlled Housing Rent Regulation, § 825.1[b] [2] [ii]).

Appeal from Wayne; Murphy (Thomas J.), J. Submitted January 5, 1951. (Docket No. 71, Calendar No. 45,012.) Decided March 1, 1951.

Action by Joseph Johnson against Harry Anderson to recover rents paid in excess of maximum allowed by housing expediter. Judgment for plaintiff. Defendant appeals. Affirmed.

*Nathan E. Shur,* for plaintiff.

*M. D. Smilay,* for defendant.

Dethmers, J. This is an appeal from judgment for plaintiff in his suit to recover rents paid in excess of the maximum fixed by the housing expediter under the housing and rent act of 1947, as amended (61 Stat 193). Were the housing accommodations in question "controlled" under the act and, hence, subject to the housing expediter's power to fix a maximum rental thereon? Section 202(c) reads, in part, as follows:

"The term 'controlled housing accommodations' means housing accommodations in any defense-rental area, except that it does not include— * * * (3) any housing accommodations (A) * * *

which are additional housing accommodations created by conversion on or after February 1, 1947."

Section 204(d) of the act provides:

"The housing expediter is authorized to issue such regulations and orders, consistent with the provisions of this title, as he may deem necessary to carry out the provisions of this section and section 202(c)."

Under that authority the housing expediter issued the following regulation, defining the term "conversion" as used in section 202(c):

"The word 'conversion' means    *    *    *    (2) a structural change in a residential unit or units involving substantial alterations, or remodeling and resulting in the creation of additional housing accommodations." Controlled Housing Rent Regulation, § 825.1(b)(2)(ii).

This regulation is entirely consistent with the provisions of the act and valid thereunder. See *Flynn* v. *Woods* (CCA), 181 F2d 867; *Woods* v. *Ginocchio* (CCA), 180 F2d 484.

It is not disputed that the housing accommodations were within a defense-rental area. The controlling question is whether they came within the above quoted exception in section 202(c) as "additional housing accommodations created by conversion."

The facts are as follows: In November of 1947, defendant purchased premises containing 4 flats. Each was occupied by one family, contained a living room, dining room, kitchen, bathroom and 2 bedrooms, and yielded a monthly rental of $27.50 in accord with the registration filed with the housing expediter. Defendant, as he says, "took what he considered the necessary steps to convert the 4 five-room dwelling accommodations into 8 dwelling accommodations." Such steps consisted of the following: He removed 4 old furnaces, replacing them with 2 new ones; installed some lights on the outside of the building,

using some new wiring; put in floor plugs in some of
the rooms; decorated and put linoleum in the kitch-
ens and bathrooms; furnished the bedrooms; in-
stalled new locks on the doors; furnished each kitch-
en with a refrigerator; painted the building; installed
brackets and shades; changed fixtures; furnished
heat, light and gas; and made other miscellaneous
repairs.   No partitions or additions were made
in any of the rooms nor were any partitions re-
moved.  Two families were then placed in each of
the 4 flats.  Plaintiff occupied what had been the 2
bedrooms in the flat in question, while another ten-
ant occupied what had been the living room and din-
ing room, and the 2 tenants shared the kitchen and
bathroom.  Defendant charged each of the 8 tenants,
including plaintiff, $17.50 per week, and later $16.50
per week, without filing the required registration
statements.  The housing expediter thereafter issued
an order reducing the maximum rent of each of the
8 tenants  to $7 per week, retroactive to July 1, 1947,
and ordered the refund of the excess collected by
defendant.

The trial court held that the "steps" taken by de-
fendant did not, in the language of the quoted regu-
lation, amount to a structural change nor constitute
the creation of additional housing accommodations
by conversion as contemplated and excepted by sec-
tion 202(c).  That holding we think correct.  Changes
of the character made by defendant were held not to
be the creation of new housing accommodations in
*Woods* v. *MacNeil Bros. Co.*, 80 F Supp 920.  As said
in *Flynn* v. *Woods, supra:*

"Obviously, within the meaning of the housing and
rent act and the applicable regulation, the mere di-
vision of one housing accommodation by makeshift
or temporary means could not be said to constitute
either substantial or structural alteration of the
original housing unit 'resulting in the creation of

additional housing accommodations.' And this would be true even though the means adopted for alteration made it possible to put 2 tenants into possession of premises previously occupied by 1. We cannot suppose that the Congress intended to authorize decontrol by subterfuge."

It was competent for the housing expediter to make his order in this case retroactive and require the refund of excess rents theretofore collected. Controlled Housing Rent Regulation, § 825.5(d); *Dean* v. *Woods* (Emergency CCA), 169 F2d 952.

Judgment affirmed, with costs to plaintiff.

REID, C. J., and BOYLES, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.